UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**RONNY BAAMS, JR.,**
          **Plaintiff,**


          v.                                    **CIVIL ACTION NO.**
                                                **13-13115-DJC**

**MARTHA COAKLEY, ET AL.,**
          **Defendants.**

**MEMORANDUM AND ORDER**

**CASPER, D. J.**                                    **December 23 , 2013**

**I.      Introduction**

On December 9, 2013, plaintiff Ronny Baams, Jr. ("Baams"), an inmate formerly in custody at the Souza Baranowski Correctional Center ("SBCC") and currently in custody at MCI Cedar Junction, filed a self-prepared complaint pursuant to 42 U.S.C. § 1983.[1]  He names as defendants a government official, SBCC prison officials, correction officers, hearing and investigative officers and medical staff at SBCC.[2]

---

[1]Additionally, Baams asserts claims under Mass. Gen. Laws ch. 12, § 11H-11I.  He also asserts state claims for assault and battery, negligence and intentional infliction of emotional distress.  He references that he made administrative presentment under the Massachusetts Tort Claims Act ("MTCA") and includes a copy of the May 16, 2013 presentment letter addressed to Attorney White, General Counsel for the Massachusetts Department of Correction ("DOC"); however, he does not set forth MTCA claims in the body of the complaint.

[2]These defendants include: (1) Massachusetts Attorney General Martha Coakley; (2) Peter A. Pepe, Deputy Commissioner of the DOC; (3) Bruce Gelb, Superintendent of SBCC; (4) Phillip Silva, DOC Chief Officer of the Internal Affairs Department; (5) Jane Doe, DOC Internal Affairs investigating officer; (6) Jennifer Sanderson, DOC Special Disciplinary Officer; (7) Mark Reilly, DOC Special Hearing Officer; (8) Gregory Bedard, SBCC Disciplinary Officer; (9) Brad Ostergard, SBCC Correction Officer; (10) Justin Salamone, SBCC Correction Officer; (11) Robert Labelle, SBCC Correction Officer; (12) Anthony Lagrassa, SBCC Correction Officer; (13) Ryan Morrissey, SBCC Correction Officer; (14) James Henderson, SBCC Correctional Sergeant; (15) Alan Flagg, SBCC Correctional Lieutenant; (16) David Reniere,  SBCC Correctional Lieutenant; (17) Andre Meuse, SBCC Correction Officer; (18) Anthony Pacheco, SBCC Correctional Sergeant; (19) Michael Campbell,  SBCC Correction Officer; (20) Joseph Peters,  SBCC Correction Officer; (21)

1

Case 1:13-cv-13115-DJC   Document 8   Filed 12/23/13   Page 2 of 14

In brief, Baams alleges that SBCC correction officers, in the presence of medical nurses and other correction officers, used excessive force against him and brutally assaulted him while he was on the floor with his hands cuffed behind his back and in leg restraints around his ankles, causing him to suffer personal injuries and emotional distress. He later was subject to a second assault by correction officers. Additionally, Baams alleges that false disciplinary reports and false criminal charges were filed against him in order to cover up the assaults. He claims that he was threatened by correction officers with bodily harm and the nurses were aware of the ongoing assault but refused to document it and refused to provide medical treatment for his injuries.

Baams filed grievances against correction officers and prison nurses, which he claims resulted in his being harassed with retaliatory sanctions including, *inter alia*, transfer to punitive segregation. As relief, he seeks compensatory and punitive damages against each of the defendants.

Along with the complaint, Baams filed a Motion for Leave to Proceed *in forma pauperis* (D. 3), a Motion to Appoint Counsel (D. 5) and a Motion for Preliminary Injunction/Motion for a Temporary Restraining Order (D. 7).

## II.  Discussion

### A.  The Motion for Leave to Proceed *In Forma Pauperis*

Upon review of Baams's financial disclosures in his *in forma pauperis* motion and his prison account statement, this Court will <u>ALLOW</u> his Motion for Leave to Proceed *in forma pauperis* (D. 3). Nevertheless, because Baams is a prisoner as defined by 28 U.S.C. § 1915(h), he is obligated to make payments toward the filing fee pursuant to 28 U.S.C. § 1915(b).

---

Mark Ellia, SBCC Correctional Sergeant; (21) Judith Downey, Registered Nurse at SBCC; (22) Precious Hill, Registered Nurse at SBCC; and (23) Roseline Batallas, Registered Nurse at SBCC. The defendants are sued in their personal and official capacities.

In light of this, it is hereby Ordered that:

1.　　Plaintiff  is assessed  an initial partial filing fee of $26.07, pursuant to 28 U.S.C. § 1915(b)(1)(A);[3] and

2　　The remainder of the fee $323.93 is to be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2).

This assessment is made apart from any other assessments made in other civil actions filed by Baams.  For purposes of clarification for crediting any funds received and to facilitate proper record-keeping by the Treasurer's Office at MCI Cedar Junction and by the District Court Clerk's Office Accounting Department, this Court intends that any funds received from Baams's prison account first be applied to any prior Order of a Court assessing a filing fee pursuant to 28 U.S.C. § 1915.[4]

B.　　The Complaint is Subject to Screening

Baams's complaint is subject to the provisions of the Prison Litigation Reform Act 1995 ("PLRA"), Title VIII of Pub. L. 104-134, 110 Stat. 1321-1375 (1996).  The PLRA contains provisions which grant courts the authority to screen and dismiss prisoner complaints.  See 28

---

[3]This assessment was based on a manual calculation of 20% of the average monthly deposits over the period reflected in Baams's Inmate Transaction Report and is made without prejudice to seeking reconsideration provided Baams submits an alternative calculation based on credible evidence in accordance with 28 U.S.C. § 1915(b).  This assessment also is made notwithstanding that Baams presently may not have sufficient funds to pay the initial partial assessment; the *in forma pauperis* statute provides for assessment at the time of filing of the action, but collection only "when funds exist." 28 U.S.C. § 1915(b)(1).

[4]In other words, Baams's filing fee obligation in this action shall be collected consecutively and not simultaneously with any prior filing fee obligation imposed by any court.  See Ruston v. NBC Television, USCA No. 06-4672-cv (2d Cir. 2009) citing Whitfield v. Scully, 241 F.3d 264, 277 (2d Cir. 2001).  See also Lafauci v. Cunningham, 139 F. Supp. 2d 144, 147 (D. Mass. 2001) (reviewing decisions of the courts of appeals for the Second, Seventh, and District of Columbia circuits, and indicating that "the simultaneous collection of filing fees from indigent prisoners may raise serious constitutional concerns").

U.S.C. § 1915 (proceedings *in forma pauperis*);[5] 28 U.S.C. § 1915A (screening of suits against governmental officers and entities).[6]   In conducting a preliminary review, the Court liberally construe the complaint because Baams is proceeding *pro se*.  See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).  Even under a broad reading, however, this action is subject to dismissal for the reasons set forth below.

       C.      Failure to Comply With Fed. R. Civ. P. 8 to State Plausible Claims

       Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief ...."  Fed. R. Civ. P. 8(a)(2).  The statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Phelps v. Local 0222, No. 09-11218, 2010 WL 3342031, at *5 (D. Mass. 2010) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (quotations and citations omitted)).  In addition, the pleading "must afford the defendants a meaningful opportunity to mount a defense."  Benyamin v. Commonwealth Med. UMass Med. Ctr., Inc., 2011 WL 2681195, at *2, (D. Mass. 2011) (quoting Diaz-Rivera v. Rivera-Rodriguez, 377 F.3d 119, 123 (1st Cir. 2004) (internal punctuation and additional citations

---

[5]Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §1915(e)(2).  *In forma pauperis* complaints may be dismissed *sua sponte* and without notice under § 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless.  Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

[6]Section 1915A of Title 28 authorizes courts to review prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if it lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A.

omitted)).   At a minimum, "the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Id. (quotation omitted).  While the "First Circuit holds a pro se litigant to a standard of pleading less stringent than that for lawyers," "this cannot be taken to mean that pro se complaints are held to no standard at all." Green v. Massachusetts, 108 F.R.D. 217, 218 (D. Mass. 1985).  Thus, "the requirements of Rule 8(a)(2) are minimal – but minimal requirements are not tantamount to nonexistent requirements." Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004) (internal quotation omitted).

Further, under Rule 8, a plaintiff must plead more than a mere allegation that the defendant(s) has harmed him [or her]. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (detailed factual allegations are not required under Rule 8, but a complaint "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation" (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). See Chiang v. Skeirik, 582 F.3d 238, 244 (1st Cir. 2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (internal citation and quotation marks omitted).

Here, although Baams uses numbered paragraphs, the complaint essentially is set forth in narrative form, simply reciting a chronology of events; however, the complaint does not contain a brief statement of his claims with respect to each defendant setting forth the "who, what, when and why" information against each defendant separately.  For instance, he fails to allege any factual underpinnings for the liability of  Massachusetts Attorney General Martha Coakley.  The same is true with respect to many of the other named defendants.  He makes bald assertions and legal conclusions, but it is difficult to cull out the relevant information forming the basis of liability.

1.     Failure to State Plausible Conspiracy Claims

Baams alleges that defendant Ostergard conspired to have him terminated from the work housing unit.  He also alleges that there was a conspiracy by other correction officers to cover up

defendant Henderson's wrongful conduct, by filing false reports against him.  He also claims defendants Bedard and Sanderson neglected to preserve the surveillance footage of the alleged assault in its entirety, knowing that defendant Henderson filed false disciplinary charges against Baams in retaliation for complaining about the assaults.

"A civil rights conspiracy as commonly defined is 'a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damages.'" Earle v. Benoit, 850 F.2d 836, 844 (1st Cir.1988) (internal quotations omitted)).  A general allegation of conspiracy to violate civil rights is not sufficient to meet the pleading requirement to assert cognizable claims of a conspiracy. Rather, the allegations must set forth what part each defendant had in the alleged conspiracy, *i.e.*, it must set forth the "who did what to whom and why." Columbus v. Biggio, 76 F. Supp. 2d, 43, 52 (D. Mass. 1999).  To state a claim for a civil rights conspiracy, Baams must allege that: (1) two or more individuals acted in concert to commit an unlawful act, or to commit a lawful act by unlawful means; (2) there was an agreement between the individuals to inflict an injury upon him; and (3) there was an overt act which resulted in damages. Earle v. Benoit, 850 F.2d 836, 844 (1st Cir.1988).

Baams fails to set forth plausible conspiracy claims in accordance with these requirements.

### 2. Lack of *Respondeat Superior* Liability

Bamms's claims against defendant Gelb are based on the contention that his agents allowed threats against him to continue.  To the extent that Baams asserts liability under 42 U.S.C. § 1983 against any defendant based on his position as supervisor of correction officers, his claims are not cognizable because *respondeat superior* is not a viable theory of liability under § 1983.  "It is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable'" under § 1983. Velez-Rivera v. Agosto-Alicea, 437 F.3d

145, 156 (1st Cir. 2006) (quoting <u>Cepero-Rivera v. Fagundo</u>, 414 F.3d 124, 129 (1st Cir. 2005)). In civil rights actions, "supervisors are not automatically liable for the misconduct of those under their command.  A plaintiff must show an affirmative link between the subordinate [employee] and the supervisor, whether through direct participation or through conduct that amounts to condonation or tacit authorization."  <u>Id.</u> at 156 (quoting <u>Carmona v. Toledo</u>, 215 F.3d 124, 132 (1st Cir. 2000)). <u>See</u> <u>Pinto v. Nettleship</u>, 737 F.2d 130, 132 (1st Cir. 1984) (liability can only be imposed upon officials who were involved personally in the deprivation of constitutional rights).

3.    <u>Failure to State Plausible Failure to Intervene Claims</u>

Baams appears to allege that some of the defendants are liable for failing to protect him from harm.  He does not, however, set forth sufficient underlying factual information to state failure to intervene claims ( a cause of action based on direct liability).  Indeed, he asserts <u>negligence</u> in the failure to protect him but does not allege facts supporting the requisite state of mind necessary for § 1983 failure to intervene claims; he asserts only legal conclusions.

Section 1983 claims based on the failure to intervene turn on whether the defendants' actions were reckless or callously indifferent to plaintiff's civil rights.  The United States Court of Appeals for the First Circuit has stated that "... a supervisor cannot be held liable for merely negligent acts. Rather, a supervisor's acts or omissions must amount to a reckless or callous indifference to the constitutional rights of others."  <u>Febus-Rodriguez v. Betancourt-Lebron</u>, 14 F.3d 87, 92 (1st Cir. 1994) (citing <u>Gutierrez-Rodriguez v. Cartagena</u>, 882 F.2d 553, 562 (1st Cir. 1989) and <u>Bordanaro v. McLeod</u>, 871 F.2d 1151, 1163 (1st Cir. 1989), <u>cert.</u> <u>denied</u> 493 U.S. 820 (1989)).

The test for determining what constitutes reckless or callous indifference is whether it would be apparent to a reasonable supervisor that his conduct was "very likely to violate an individual's

constitutional rights." <u>Reid v. Brodeur</u>, 2001 WL 274843 at *4 (D.N.H. 2001) <u>quoting</u> <u>Germany v. Vance</u>, 868 F.2d 9, 18 (1st Cir 1989).  "In addition, there must be an 'affirmative link' between a subordinate's misconduct and the supervisory official's action or inaction." <u>Reid</u>, 2001 WL 274843 at *4 <u>citing</u> <u>Febus-Rodriguez</u>, 14 F.3d at 92.  "Other factors that assist in determining liability are: (1) whether the supervisor had knowledge of the alleged violations; and (2) whether the supervisor's actions or inactions could be viewed as 'supervisory encouragement, condonation, or acquiescence.'" <u>Reid</u>, 2001 WL 274843 at *4 <u>quoting</u> <u>Lipsett v. Blanco</u>, 864 F.2d 881, 902 (1st Cir. 1988).

There is insufficient factual development for an inference that the supervisory defendants' actions or inactions constituted encouragement, condonation, or acquiescence in a constitutional violation.  There is nothing to indicate that these defendants discovered a situation that would have required further action on their part to rectify a problem.

        4.        Failure to State Plausible Retaliation Claims

Baams alleges that he was retaliated against by defendant Pepe by sanctioning his one year punishment in the Department of Disciplinary Unit ("DDU") and by defendants Henderson and Lagrassa by having him removed from housing unit work detail because Baams spoke out loud to another inmate about witnessing defendant Ostergard's threats toward that inmate.  He contends this conversation was overheard and a retaliatory cell search conducted.

To sustain a claim of retaliatory discipline, a plaintiff first must allege that he was engaged in conduct that was constitutionally protected.  <u>See</u> <u>Shabazz v. Cole</u>, 69 F. Supp. 2d 177, 197 (D. Mass. 1999).  Next, the plaintiff must establish that the protected conduct was a "substantial or motivating factor" in the prison officials' decision to discipline him.  <u>Id.</u>  Here, Baams has not set

forth his retaliation claims pursuant to Rule 8.[8]

### 5.    The Massachusetts Tort Claims Act

Many of Baams's claims against the defendants are based on the alleged negligence in failing to take action (*e.g.,* negligently failing to protect him, negligently failing to report an assault, negligently failing to provide medical treatment, negligently failing to investigate).  Claims of negligence against individual employees of the DOC or the Commonwealth of Massachusetts are not plausible in this Court.

The Massachusetts Tort Claims Act ("MTCA"), Mass. Gen. Laws ch. 258, § 2, provides for a waiver of sovereign immunity under certain circumstances.  It states, in relevant part:

> Public employers shall be liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment, in the same manner and to the same extent as a private individual under like circumstances, except that public employers shall not be liable to levy of execution on any real and personal property to satisfy judgment, and shall not be liable for interest prior to judgment or for punitive damages or for any amount in excess of one hundred thousand dollars.

Id.

Significantly, the MTCA permits recovery for liability against public employers, including the Commonwealth of Massachusetts; however, the MTCA does not encompass suits against public employees.  In other words, liability attaches to the public employer and not the employees.  The MTCA provides an exclusive remedy and shields public employees from damages suits.[9]

---

[8]Moreover, to the extent he claims that he was retaliated against by losing his work assignment, his claim is not plausible because prisoners have no liberty or property right to a prison job or program.  Dominque v. Weld, 73 F.3d 1156, 1159 (1st Cir. 1996).

[9]Mass. Gen. Laws ch. 258, § 2 provides that:

D.      Order to File an Amended Complaint

In light of the above, this action be dismissed within forty-two (42) days from the date of this Memorandum and Order unless Baams files an "Amended Complaint" that comports with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Any Amended Complaint must set forth a brief statement of the underlying facts to support each claim (*i.e.*, the "who, what, when, where, and why information").  Failure to comply with these directives may result in a dismissal of this action.

In order to facilitate Baams compliance, this Court suggests, but does not Order, that he submit a chart setting forth his claims, using the following template:

| NAME OF DEFENDANT (specify if sued in individual and/or official capacity) | LEGAL THEORY OF LIABILITY (*e.g.* negligence, § 1983) | DATE OF THE ALLEGED ACTION | PLACE OF ALLEGED ACTION | BRIEF DESCRIPTION OF UNDERLYING FACTS SURROUNDING THE ALLEGED EVENT (one or two sentences if possible) |
|---|---|---|---|---|
| | | | | |

---

The remedies provided by this chapter shall be exclusive of any other civil action or proceeding by reason of the same subject matter against the public employer or, the public employee or his estate whose negligent or wrongful act or omission gave rise to such claim, and no such public employee or the estate of such public employee shall be liable for any injury or loss of property or personal injury or death caused by his negligent or wrongful act or omission while acting within the scope of his office or employment; provided, however, that a public employee shall provide reasonable cooperation to the public employer in the defense of any action brought under this chapter.

*Id.*  *See* Fantini v. Salem State College, 2007 WL 922883, *6 (D. Mass. 2007) (Zobel, J.) (the MTCA immunizes public employees for negligent or wrongful actions or omissions while in the scope of the employee's office or employment).

E.    The Motion for Appointment of Appoint *Pro Bono* Counsel

Under 28 U.S.C. § 1915, a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  The United States Court of Appeals for the First Circuit provides the following set of factors to consider when determining whether to appoint counsel to an indigent under § 1915: "[1] the indigent's ability to conduct whatever factual investigation is necessary to support his or her claim; [2] the complexity of the factual and legal issues involved; and [3] the capability of the indigent litigant to present the case." Cookish v. Cunningham, 787 F.2d 1, 3 (1st Cir. 1986) (*per curiam*).  Ultimately, to be eligible for this assistance under 28 U.S.C. § 1915, Baams "must demonstrate that [he is] indigent and that exceptional circumstances [are] present such that a denial of counsel [is] likely to result in fundamental unfairness impinging on his due process rights." DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).  This Court considers the total situation, including the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. Id.   At this juncture, in view of the legal impediments set forth above, this Court cannot find that exceptional circumstances exist that warrant the expenditure of scarce *pro bono* resources.

Accordingly, Baams's Motion to Appoint Counsel (D. 5) is DENIED.  Baams may file a renewed Motion to Appoint Counsel after the defendants have filed a responsive pleading to an Amended Complaint if this case is permitted to proceed further.

F.    The Motion for Preliminary Injunction/Motion for a Temporary Restraining Order

Baams seeks injunctive relief to enjoin prison officials from conducting a retaliatory transfer of him to SBCC from the DDU upon his release date (January 21, 2014).  He alleges that he is classified as a Level 4 participant based on his point score, contrary to Massachusetts regulations.

He further seeks a Temporary Restraining Order enjoining the defendants from engaging in retaliatory conduct and retaliatory discipline, including threats of bodily harm, intimidation, and coercion. Baams contends that he fears for his safety if he is transferred to SBCC when DOC officials from the Classification Central Office modify his status from a Level 4 inmate to a Level 6 inmate, so as to transfer him to a Level 6 facility. If transferred, he contends that he will be confronted by the correction officers who assaulted him. He seeks an evidentiary hearing regarding the risk of safety.

To obtain the extraordinary remedy of preliminary injunctive relief, Baams must show that: (1) he will suffer irreparable harm absent the injunction; (2) the injury outweighs the harm to the defendants if granted; (3) he is likely to succeed on the merits of the case; and (4) the injunction does not adversely affect the public interest. Voice of The Arab World v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011); see Weaver v. Henderson, 984, F. 2d 11, 12 (1st. 1993); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bishop, 839 F. Supp. 68, 70 (D. Mass. 1993) (extending four part preliminary injunction test to temporary restraining orders). Likelihood of success on the merits is the critical element of the four-factor framework. Weaver, 984 F.2d at 12. The Court will not consider Baams's motion for a preliminary injunction at this time because preliminary injunctions may not be issued without notice to the adverse party and the motion does not appear to have been served on the defendants. See Fed. R. Civ. P. 65(a)(1). Accordingly, the Motion for Preliminary Injunction will be DENIED without prejudice to renew after the defendants have filed a responsive pleading to an Amended Complaint.

To the extent that Baams seeks an *ex parte* restraining order, such relief may be sought pursuant to Fed. R. Civ. P. 65(b). The same four-factor test for preliminary injunctions also has

been extended to temporary restraining orders.  <u>Levesque v. State of Maine</u>, 587 F.2d 78, 80 (1st Cir.

1976).  A party seeking an *ex parte* temporary restraining order must allege that his injury or loss

is "immediate and irreparable" and will occur before the adverse party or that party's attorney can

be heard in opposition to the motion.  Fed. R. Civ. P. 65(b).  Further, the party's attorney (or the

party himself, if proceeding *pro se* as here) must certify to the court in writing the efforts, if any,

which have been made to give the notice and the reasons supporting the claim that notice should not

be required.  <u>Id.</u>

     As an initial matter, the Court recognizes that Baams failed to certify his efforts to give

notice to the named defendants in this action.  The failure to do so provides sufficient grounds for

denial of the request.  <u>See</u> <u>Thompson v. Ramirez</u>, 597 F. Supp. 726, 726 (D. P.R. 1984) (denying

temporary restraining order, in part, where there had been no certification to court in writing, of the

efforts, if any, of notification to adverse parties).

     Moreover, while Baams raises serious matters concerning his confinement in DOC custody,

at this juncture, has not demonstrated sufficiently that the defendants would not be harmed in the

proper administration of DOC prisons (including classification and placement of prisoners for

security reasons) should an *ex parte* Temporary Restraining Order be granted, nor has he shown that

it is in the public interest to order the DOC defendants to refrain from its classification procedures.

Further, Baams's request for injunctive relief to prohibit retaliation is overly broad.

     Finally, on this record, the Court finds that injunctive relief is not warranted until the

defendants have had an opportunity to respond to Baams's allegations, particularly where there are

pleading deficiencies in the complaint as noted above.

     Accordingly, this Court will <u>DENY</u> Baams's Motion for a Preliminary Injunction/

Temporary Restraining Order (D. 7).

### III.     Conclusion

Based on the foregoing, it is hereby Ordered that:

1.    Plaintiff's Motion for Leave to Proceed *in forma pauperis* (D. 3) is <u>ALLOWED</u> and the filing fee is assessed pursuant to 28 U.S.C. § 1915(b);

2.    Within 42 days of the date of this Memorandum and Order, plaintiff shall file an Amended Complaint in accordance with Rule 8 of the Federal Rules of Civil Procedure;

3.    Plaintiff's Motion to Appoint Counsel (D. 5) is <u>DENIED</u>; and

4.    Plaintiff's Motion for a Preliminary Injunction/Temporary Restraining Order (D. 7) is <u>DENIED</u>; plaintiff may renew his request for a preliminary injunction after the defendants have filed a responsive pleading to the Amended Complaint.

SO ORDERED.

<u>/s/ Denise J. Casper</u>
Denise J. Casper
U.S. District Judge